**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIUS L. WHITE, | : | Civil No. 3:26-cv-1184 |
| | : | |
| Petitioner | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| WARDEN OF FCI-SCHUYLKILL, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241, filed by Julius White ("White"), an inmate in the custody of the Federal

Bureau of Prisons ("BOP"). (Doc. 1). Preliminary review of the petition has been

undertaken, and, for the reasons set forth below, the Court will dismiss the petition.

**I.    Background**

On February 26, 2025, White was sentenced to a 77-month term of imprisonment,

followed by three years of supervised release, after he pled guilty to one count of being a

felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), in

the United States District Court for the Western District of New York. *See United States v.*

*White*, No. 6:24-cr-6012 (W.D.N.Y.), Doc. 73. According to the BOP's inmate locator, White's projected release date is January 12, 2029.[1]

In the instant habeas petition, White alleges that the BOP improperly limits the number of points he can earn to reduce his recidivism risk level through the successful completion of evidence-based recidivism reduction programming ("EBRRs") and productive activities ("PAs"). (Doc. 1). He alleges that due to this restriction, he cannot sufficiently reduce his recidivism risk score to achieve the low assessment he needs to become eligible for application of his earned First Step Act ("FSA") time credits towards early release or placement in prerelease custody. (*Id.*). White requests that the Court apply earned time credits to his sentence pursuant to the FSA, even though he is not a minimum or low recidivism risk level.

For relief, White seeks an Order directing "the BOP to reduce [his] scores consistent with [his] program participation, allowing [him] to bring[ ] [his] scores to [ ] low-low." (*Id.* at 3).

## II.    Screening of Habeas Petitions

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face

---

[1]    *See* FEDERAL BUREAU OF PRISONS' INMATE LOCATOR, https://www.bop.gov/inmateloc/ (searching Inmate Number 71041-510) (last visited May 12, 2026).

of the petition that the petitioner is not entitled to relief.  28 U.S.C. § 2254, Rule 4.  District

courts have the discretion to apply this rule in habeas corpus cases brought under 28

U.S.C. § 2241.  28 U.S.C. § 2254, Rule 1(b).

## III.    Discussion

The FSA was enacted by Congress in 2018.  The primary goal of the FSA is to

reduce recidivism of federal prisoners upon their release from imprisonment.  18 U.S.C. §

3632(a).  Under the FSA, the Attorney General was charged with development and release

of a Risk and Needs Assessment System (the "System") within 210 days of December 21,

2018, the date on which the FSA was enacted.  *See* 18 U.S.C. § 3632(a).  The System is to

be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of

violent or serious misconduct; (3) determining the type and amount of evidence-based

recidivism reduction programming appropriate for each inmate; (4) periodically assessing an

inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive

activities; (6) determining when to provide incentives and rewards for successful

participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to

pre-release custody or supervised release.  *See id.*

The FSA allows eligible inmates who successfully complete EBRRs or PAs to

receive FSA time credits to be applied toward time in prerelease custody or supervised

release.  *See* 18 U.S.C. § 3632(d)(4)(A).  An inmate may initially earn 10 days of credit for

3

every 30 days of successful participation.  *See id.*  Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two consecutive assessments may earn an additional five days of credit for every 30 days of successful participation.  *See id.*

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners.  Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden.  18 U.S.C. § 3624(g)(1)(D)(i).  For early transfer to supervised release, Section 3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner."  *Id.* § 3624(g)(1)(D)(ii).  The clear language of 18 U.S.C. § 3624(g) precludes application of time credits until White has lowered his recidivism risk level.

If the inmate is unable to satisfy this requirement concerning his recidivism risk level, then he may petition the warden of the prison to be individually considered for placement in prelease custody or supervised release.  *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II).  The warden, in turn, can approve the inmate's "petition to be transferred to prerelease custody or supervised release" upon concluding that: (1) the inmate "would not be a danger to society if transferred to prerelease custody or supervised release;" (2) the inmate "has made a good

4

faith effort to lower [his] recidivism risk through participation in recidivism reduction programs or productive activities;" and (3) the inmate "is unlikely to recidivate[.]" *See id.* § 3624(g)(1)(D)(i)(II)(aa)-(cc); *see also* 28 C.F.R. § 523.44(c)(2)(i)-(iii).

Inmates who are eligible for FSA time credits can accrue credits, but those credits cannot be applied until the inmate has earned a low or minimum recidivism risk. *See* 28 C.F.R. § 523.44. White asserts that the BOP considers an inmate to have a low-low recidivism risk when his general score is 39 and his violent score is 24. (Doc. 1, at 1). White admits that his general score is 57 and his violent score is 40. (*Id.* at 3). Based on his recidivism risk score, White will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. 18 U.S.C. § 3624(g)(1)(B).

Additionally, an inmate with a high or medium PATTERN score can petition the warden to be considered on an individualized basis for placement in prerelease custody or supervised release. *See* 18 U.S.C. § 3624(g)(1)(D)(i)(II). In his petition, White does not indicate that he made such a request to the warden.

Thus, because it plainly appears from White's petition that he is not entitled to habeas relief, the Court will dismiss his Section 2241 petition.

## IV.    Conclusion

Consistent with the foregoing, the Court will dismiss the Section 2241 petition for writ of habeas corpus.  (Doc. 1).

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 17, 2026